Johnson C. J., delivered the opinion of the court. The affidavit filed by the plain tiff below is conceived to be a substantial compliance with the requisitions of the statute, and consequently, the circuit court properly overruled the exceptions to it. But it is also contended that the circuit court erred in admitting the writing obligatory in evidence when it should have been excluded'. Whenever a party attempts to set out the instrument sued upon in licet verba, he is held to great strictness in the description, and the slightest variance is fatal to the action. The plaintiff below in his declaration did not attempt to describe Ihe writing in the precise wolds of the instrument, but only according to its legal effect'. The'question then is whether he has so described it. The declaration speaks of an obligation to pay one hundred and twenty-five dollars, payable twelve months after date and executed by Thomas F. Cheadle in favor of Absalom J. Meredith by the, name of ‘‘AAs. J. Meredith.” The one offered in evidence is made payable ‘‘months afterdate” and executed'by Thomas F. Cheadle, and made payable to “bs. J. Meredith.” It cannot be contended with any propriety, that the writing declared upon and the one given in evidence to the court, sitting, as a jury, are identical or even the saime in substance and legal effect. The variance is plain and palpable and that in a' material matter, consequently the proof did not correspond with the allegation. This being the case it follows that the circuit court erred in permitting the instrument offered to go to the jury. It is therefore considered and adjudged that the judgment of the circuit court of Crawford county be and the same is Hereby' reversed, annulled’ and set aside with costs, and that the case be remanded to said circuit court to be proceeded in according to law, and that both parties have leave to amend their pleadings if they desire to do so.